FILED
JUL 2 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL L. LEE, #1319　　　　　　*
4100 Massachusetts Ave.,　　　　*
NW, Washington, DC 20016,　　　 *
202.364.1187,　　　　　　　　　　*
　　　　　　　　　　　　　　　　 *
　　　　Plaintiff;　　　　　　　 *　　CASE NUMBER 1:05CV01486
　　　　　　　　　　　　　　　　 *
　　　　v.　　　　　　　　　　　 *　　JUDGE: Henry H. Kennedy
　　　　　　　　　　　　　　　　 *
CALIFORNIA DEPARTMENT　　　　　 *　　DECK TYPE: Pro se General Civil
OF CORRECTIONS, Suite 502,　　　*
1515 S Street,　　　　　　　　　*　　DATE STAMP: 07/28/2005
Sacramento, CA 95814,　　　　　 *
　　　　　　　　　　　　　　　　 *
　　　　Defendant.　　　　　　　*

## COMPLAINT

### Introduction

1.　Plaintiff by this action seeks enforcement of laws applicable to his California workers' compensation award, issued October 4, 1990.

### Jurisdiction

2.　This Court has jurisdiction over the Defendant pursuant to 28 U.S.C. section 1332.

### Parties

3.　Plaintiff is an adult citizen of the United States having residence in the District of

1

1  Columbia. The true identity and address of Plaintiff
2  are known to Defendant and are contained in the
3  complaint, now filed with this Court.
4
5     3.   The California Department of Corrections
6  is Plaintiff's former employer, operating from its
7  principal office located in Sacramento, California.
8
9                    **Statement of Facts**
10    5.   In October 1990, Plaintiff received a
11 permanent disability award of workers' compensation
12 payable at $224 per week.
13
14    6.   Under Labor Code section 4651, the
15 employer may electronically deposit checks in an
16 account in any bank upon an employee's written request.
17 These payments shall be immediately negotiable and
18 payable in cash, on demand.
19
20    7.   In June 1991, in reply to Plaintiff's
21 request, SCIF: "State Compensation Insurance Fund will
22 be directing your check to your Security Pacific
23 National Bank checking account."
24    8.   Effective August 3, 1991, "SCIF
25 discontinued mailings to Plaintiff's home address and

commenced mailings to his bank.

## Statement of Claims

9. Since August 3, 1991, therefore, each and every check SCIF mailed to Plaintiff's bank - no matter where - has unreasonably been late.

10. Therefore, SCIF must pay the penalty of section 5814.

## Prayer

WHEREFORE, respectfully, plaintiff prays that the Court:

a) Impose section 5814 penalties upon SCIF;

b) award reasonable attorney's fees together with costs of this action; and

c) grant such other and further relief as the Court deems just.

Dated: July 28, 2005

Respectfully submitted,

Russell L. Lee, #1319
4100 Massachusetts Ave., NW
Washington, DC 20016
202.364.1187

3