# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE, *pro se*,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Civil Action No. 05-cv-1486 |
| ) | |
| CALIFORNIA DEPARTMENT    ) | Judge Henry H. Kennedy |
| OF CORRECTIONS,    ) | |
| ) | |
| Defendant.    ) | |
| _____    ) | |

## CALIFORNIA STATE COMPENSATION
## INSURANCE FUND'S MOTION TO STRIKE COMPLAINT
## FOR VIOLATING PRE-FILING INJUNCTION

California State Compensation Insurance Fund ("State Fund"), on behalf of the Department of Corrections and Rehabilitation, State of California, by and through counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 12(f) to strike Plaintiff Russell Lee's ("Mr. Lee" or "Plaintiff") complaint because Mr. Lee has failed to evidence that he complied with The Honorable Gladys Kessler's July 12, 2005 Order requiring Mr. Lee to first obtain leave of Court to file another action against State Fund, and respectfully refers the Court to the accompanying Brief.

This 14th day of November, 2005.

                                          Respectfully submitted,

                                          __/s/ Vinay Jolly_____
                                          Vinay J. Jolly
                                          DC Bar No.: 480640
                                          Kilpatrick Stockton LLP
                                          607 14th Street, NW Suite 900
                                          Washington, DC 20005
                                          (202) 508-5800
                                          (202) 508-5858
                                          Attorneys for California State Insurance
                                          Compensation Fund

OF COUNSEL:

Paul M. Rosenblatt
Georgia Bar No. 614522
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Tel: (404) 815-6321
Fax: (404) 541-3373

Michael D. White
DC Bar No. 493481
Kilpatrick Stockton LLP
607 14th Street, NW Suite 900
Washington, DC 20005
Tel: (202) 508-5800
Fax: (202) 508-5858

9023630.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL L. LEE, *pro se*,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Civil Action No. 05-cv-1486 |
| ) | |
| CALIFORNIA DEPARTMENT   ) | Judge Henry H. Kennedy |
| OF CORRECTIONS,   ) | |
| ) | |
| Defendant.   ) | |
| _____   ) | |

**CALIFORNIA STATE COMPENSATION INSURANCE FUND'S
BRIEF IN SUPPORT OF MOTION TO STRIKE COMPLAINT
FOR VIOLATING PRE-FILING INJUNCTION**

State Compensation Insurance Fund ("State Fund"), on behalf of the Department of Corrections and Rehabilitation, State of California ("Department of Corrections"), by and through counsel, hereby submits this brief in support of its motion to strike Plaintiff Russell Lee's ("Mr. Lee" or "Plaintiff") complaint because Mr. Lee has failed to evidence that he complied with The Honorable Gladys Kessler's July 12, 2005 Order requiring Mr. Lee to first obtain leave of Court prior to filing another action against State Fund.

By way of background, Mr. Lee is a vexatious litigant wasting the time, money and resources of the Court and State Fund. Over the past 15 years, Mr. Lee has commenced over 40 actions and appeals against State Fund arising out of the

same set of facts. This action is Mr. Lee's seventh involving State Fund in the District of Columbia Federal District Court. He recently initiated his sixth action against State Fund in the District of Columbia Superior Court (Case No. 05-6702). Mr. Lee also recently filed a petition for writ of certiorari with the United States Supreme Court regarding one of his appeals. See United States Supreme Court Docket No. 05-423. And Judge Sullivan entered a parallel pre-filing injunction in Civil Action No. 02-2411 (D. D.C.). Every action commenced by Mr. Lee against State Fund arises out of the very same set of facts – that during 1984 to 1985 Mr. Lee injured his heart and psyche while working for the Department of Corrections.

Since the adjudication of Mr. Lee's workers compensation injury claim around 1990, Mr. Lee has made a career out of suing State Fund by filing duplicative, unintelligible complaints, motions and appeals against State Fund, and sometime other parties as well. Those other parties include both state and federal judges, clerks of court and Mr. Lee's former lawyers in the workers compensation proceeding. Mr. Lee hired counsel in the District of Columbia. Counsel subsequently withdrew and filed a pleading with the District of Columbia Superior Court admitting that Mr. Lee's "claims had no merit."

In 1999, the United States District Court for the Northern District of California declared Mr. Lee a vexatious litigant and put in place a pre-filing injunction. Mr. Lee then moved to Georgia and continued to file pleading after

9023630.1

pleading against State Fund. Mr. Lee then moved to the District of Columbia where he continues to file pleading after pleading against State Fund. District of Columbia courts lack personal jurisdiction over State Fund. The United States District Court so ruled five times, the District of Columbia Superior Court so ruled three times, the United States Court of Appeals for the District of Columbia Circuit so ruled (see Exhibit A attached hereto), and the Court of Appeals for the District of Columbia Superior Court so ruled as well.[1] Yet even after such rulings, and Mr. Lee's own counsel stating that Mr. Lee's claims against State Fund have no merit, Mr. Lee continues to harass State Fund with action after action, pleading after pleading.[2]

As a result of Mr. Lee's wasteful actions, State Fund sought and obtained a pre-filing injunction against Mr. Lee. On July 12, 2005, Judge Kessler entered an order (the "Pre-Filing Injunction") providing in pertinent part as follows:

---

[1] In the event State Fund's Motion to Strike is not granted, State Fund respectfully requests that the Motion to Strike be considered a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over State Fund.

[2] Further detail about State Fund as well as Mr. Lee's prior actions against State Fund, including Mr. Lee's former counsel's statements, may be found in State Fund's Motion to Dismiss (Docket No. 2) in the electronic docket for Civil Action No. 05-670 (Judge Kessler). A copy of the Motion to Dismiss without exhibits is attached hereto s Exhibit B.

3

> **ORDERED** that Plaintiff shall seek leave of this Court before filing any new civil action against State Fund; that he shall certify that any such complaint raises new matters not pending before or decided on the merits by any state or federal court or, if the suit raises issues that have been adjudicated or are pending, he must explain to the Court why he intends to file another duplicative action; and that he shall truthfully so certify any complaint on pain of penalty of contempt of this Court; ….

See Order and Memorandum Opinion (including an analysis of personal jurisdiction over State Fund) dated July 12, 2005 attached hereto as Exhibit C.

In an apparent attempt to circumvent the Pre-Filing Injunction, rather than captioning his complaint against State Fund, Mr. Lee captioned his complaint against the "California Department of Corrections." As Mr. Lee is well aware, State Fund has been substituted in place of Mr. Lee's former employer, the Department of Corrections, for Mr. Lee's workers compensation issues. See Cal. Labor Code § 3755 ("The insurer shall, without further notice, be substituted in place of the employer in any proceeding theretofore or thereafter instituted by such claimant to recover such compensation, and the employer shall be dismissed therefrom.")

4

The substitution of State Fund for the Department of Corrections is further evidenced by Mr. Lee's complaint, which asserts allegations against State Fund. Moreover, the relief sought in Mr. Lee's complaint is against State Fund:

> WHEREFORE, respectfully, plaintiff prays that the Court:
>
> a) impose section 5814 penalties upon SCIF [State Fund];
>
> b) award reasonable attorney's fees together with costs of this action; and
>
> c) grant such other and further relief as the Court deems just.

See Complaint at page 3, a copy of which is attached hereto as Exhibit D.

Mr. Lee failed to evidence that he obtained leave of the Court prior to initiating this action in violation of Judge Kessler's July 12, 2005 Pre-Filing Injunction. For this reason, the complaint should be stricken and the case dismissed.

## CONCLUSION

For all the foregoing reasons, the complaint should be stricken, and the Court shall grant such other and further relief as is just and proper.

This 14th day of November, 2005.

                    Respectfully submitted,

                    ___/s/ Vinay Jolly_____
                    Vinay J. Jolly
                    DC Bar No.: 480640
                    KILPATRICK STOCKTON LLP
                    607 14th Street, NW, Suite 900
                    Washington, DC  20005
                    (202) 508-5800

                    Attorneys for Defendant State
                    Compensation Insurance Fund

OF COUNSEL:

Paul M. Rosenblatt
Georgia Bar No. 614522
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
Tel: (404) 815-6500
Fax: (404) 815-6555

Michael D. White
DC Bar No. 493481
Kilpatrick Stockton LLP
607 14th Street, NW Suite 900
Washington, DC  20005
Tel:  (202) 508-5800
Fax:  (202) 508-5858

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing upon Mr. Lee by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

Russell L. Lee
#1319
4100 Massachusetts Ave., N.W.
Washington, D.C. 20016


This 14th day of November, 2005.

                                           __/s/ Vinay Jolly_____
                                           Vinay J. Jolly