## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL L. LEE, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-cv-670 |
| | ) | |
| STATE COMPENSATION | ) | Judge Gladys Kessler |
| INSURANCE FUND, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT CALIFORNIA STATE COMPENSATION
### INSURANCE FUND'S MOTION TO DISMISS COMPLAINT
### AND REQUEST THAT THE COURT RESTRAIN PLAINTIFF
### FROM FILING FURTHER PLEADINGS OR ACTIONS

Defendant California State Compensation Insurance Fund ("State Fund"), by and through counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6) to dismiss Plaintiff Russell Lee's ("Mr. Lee" or "Plaintiff") Complaint for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted, and to restrain Mr. Lee from filing further pleadings or other actions in this Court related to State Fund without first obtaining special leave of this Court to do so, and in support thereof, respectfully refers the Court to the accompanying Brief.

C.A. 05-cv-1486
Exhibit B

This 22nd day of April, 2005.

Respectfully submitted,


_____/s/ Anitra D. Goodman_____
Anitra D. Goodman
DC Bar No.:  484434
Kilpatrick Stockton LLP
607 14th Street, NW Suite 900
Washington, DC  20005
(202) 508-5800
(202) 508-5858
Attorneys for California State Insurance
Compensation Fund


OF COUNSEL:

Paul M. Rosenblatt
Georgia Bar No. 614522
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
Tel: (404) 815-6321
Fax: (404) 541-3373


2

C.A. 05-cv-1486
Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL L. LEE, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-cv-670 |
| | ) | |
| STATE COMPENSATION | ) | Judge Gladys Kessler |
| INSURANCE FUND, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT CALIFORNIA STATE COMPENSATION INSURANCE FUND'S BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND REQUEST THAT THE COURT RESTRAIN PLAINTIFF FROM FILING FURTHER PLEADINGS OR ACTIONS

Defendant State Compensation Insurance Fund ("State Fund"), by and through counsel, hereby submits this memorandum in support of its motion to dismiss the complaint and request that the Court restrain Plaintiff Russell Lee ("Mr. Lee" or "Plaintiff") from filing other or further actions or pleadings in this District with respect to State Fund without first obtaining special leave of this Court to do so.

### PRELIMINARY STATEMENT

Mr. Lee is a vexatious litigant wasting the time, money and resources of the Court and the Defendant State Fund. Over the past 15 years, Mr. Lee has commenced over 40 actions and appeals against State Fund arising out of the same set of facts. As of April, 2005, Mr. Lee filed his sixth action against State Fund in the District of Columbia Federal District Court and his fourth and fifth action against State Fund in the District of Columbia Superior Court. Every

C.A. 05-cv-1486
Exhibit B

action commenced by Mr. Lee against State Fund arises out of the very same set of facts – that during 1984 to 1985, Mr. Lee injured his heart and psyche while working for the California Department of Corrections.

Since the adjudication of Mr. Lee's workers compensation injury claim around 1990, Mr. Lee has made a career out of suing State Fund by filing duplicative, unintelligible complaints, motions and appeals against State Fund, and sometime other parties as well. Those other parties include both state and federal judges, clerks of court and Mr. Lee's former lawyers in the workers compensation proceeding. Mr. Lee hired counsel in the District of Columbia. Counsel subsequently withdrew and filed a pleading with the District of Columbia Superior Court admitting that Mr. Lee's "claims had no merit."

In 1999, the United States District Court for the Northern District of California declared Mr. Lee a vexatious litigant and put in place a pre-filing injunction. Mr. Lee then moved to Georgia and continued to file pleading after pleading against State Fund. Mr. Lee then moved to the District of Columbia where he continues to file pleading after pleading against State Fund. District of Columbia courts lack personal jurisdiction over State Fund. The United States District Court so ruled five times, the District of Columbia Superior Court so ruled three times, and the United States Court of Appeals for the District of Columbia Circuit so ruled as well. Yet even after such rulings, and Mr. Lee's own counsel stating that Mr. Lee's claims against State Fund have no merit, Mr. Lee continues to harass State Fund with action after action, pleading after pleading.

There comes a point when a litigant should be stopped when it can be shown beyond any doubt that the litigant is wasting the resources of the Court and is harassing State Fund, causing State Fund to incur needless legal fees to respond to Mr. Lee's pleadings. State Fund has

2

reviewed prior case law on pre-filing restraints, and the facts of this case warrant restraining Mr. Lee from filing further pleadings against State Fund absent prior approval from the Court to do so.

## FACTS

A.    Defendant State Fund

State Fund is a non-profit public enterprise fund and a subdivision of the California Department of Industrial Relations. See Cal. Lab. Code, §56 (West 1989). It was created by the California legislature as part of the "complete system of workers' compensation" mandated by Section 4 of Article XIV of the California Constitution. State Fund acts as the insurer of last resort for California employers who are required to secure workers' compensation insurance in the event their employees suffer industrial accidents or injuries. See Cal. Lab. Code, §3700 (West 1989). Furthermore, State Fund may render services in the adjustment and disposition of claims for workers' compensation to any state agency. See Cal. Ins. Code, §11871 (West 1988). Mr. Lee's former employer, the California Department of Corrections, was one of these state agencies.

B.    Plaintiff Mr. Lee

Pro se Plaintiff Mr. Lee is a former employee of the California Department of Corrections who suffered a work related injury. His workers compensation claim was handled by State Fund. The only interaction between State Fund and Mr. Lee has been in the context of his claim. At all times during the pendency of his claim, Mr. Lee was represented by legal counsel and his claim and his entitlement to benefits was adjudicated by the Workers' Compensation Appeals Board of the State of California, the statutorily created tribunal vested with the authority to do so.

3

C.A. 05-cv-1486
Exhibit B

State Fund has no connections with the District of Columbia other than the random act of Mr. Lee moving to the District of Columbia several years ago.  State Fund pays a disability benefit to Mr. Lee each month at Mr. Lee's current address.

      C.      <u>The Frivolous and Duplicative Actions Against State Fund</u>

Since the adjudication of his worker's compensation claim around 1990, Mr. Lee has made a profession out of filing suits against State Fund relating to his work related injury.  All of the more than <u>40</u> actions mentioned below that Mr. Lee has commenced against State Fund and related individuals arise out of the same exact set of circumstances, that being Mr. Lee's injury during 1984 to 1985 while working at the California Department of Corrections.

      **1.**      **The California Actions; N.D. Ca. Federal District Court Finds Lee To Be Vexatious Litigant And Issues Pre-Filing Injunction**

Mr. Lee sought various reviews of his worker's compensation award in the California state courts.  "[T]he California Superior Court, California Court of Appeal and the California Supreme Court, have issued a total of fourteen orders denying Lee's various petitions for review and writ of mandate relating to his worker's compensation case."  <u>Lee v. Workers' Compensation Appeals Board, et al.</u>, No. C99-3939 (N.D.Ca. filed November 18, 1999) (order finding Mr. Lee to be vexatious litigant and entering pre-filing injunction), a copy of which is attached hereto as **Exhibit "1"**.  A number of the final orders rendered in the California state actions are attached hereto in chronological order as **Exhibit "2"**.

While in California, Mr. Lee also pursued State Fund in the federal courts.  Mr. Lee commenced actions against State Fund in all three federal districts of California.  Each of these actions were dismissed.  Judge Marilyn Hall Patel, the Chief Judge of the United States District Court for the Northern District of California found Mr. Lee to be a vexatious litigant and entered

a pre-filing injunction against him.  See Order attached hereto as **Exhibit "1"** as well as a copy

of the docket in that matter.

The following chart summarizes the actions in California federal district courts:

| # | Caption (emphasis added) | Court | Case No. | Cause of Action | Disposition |
|---|---|---|---|---|---|
| 1 | Lee v. State Compensation Insurance Fund | U.S.D.C. Central; Dist. Of CA | 97-8249 LGB | Failure to provide information in violation of ERISA (29 USC 1001) | Dismissed: Plaintiff failed to establish any cause of action giving rise to federal question jurisdiction & unable to establish diversity jurisdiction See **Exhibit "3"** attached hereto. |
| 2 | Lee v. Marilyn L. Huff, Individually and as Judge Thomas J. Whelan, Individually and as Judge & State Compensation Insurance Fund | U.S.D.C. Southern Dist. Of CA | 98 CV 1190 BTM | 1 - Civil Conspiracy 2 - Intentional Infliction of Emotional Distress 3 - Breach of Covenant of Good Faith & Fair Dealing | Dismissed: Failure to state a claim (FRCP 12(b)(6)) |
| 3 | Lee v. State Compensation Insurance Fund, Thomas J. Whelan, Judge of the Superior Court of San Diego County, as an individual | U.S.D.C. Southern Dist. Of CA | 97-CV-635 H | 1 - Civil Conspiracy 2 - ERISA 3 - Intentional Infliction of emotional distress. | Dismissed: 1 - Failure to state a conspiracy or ERISA claim (FRCP 12(b)(6)) 2 - Court refused to exercise supplemental jurisdiction as to emotional distress cause of action See Exhibit "4" attached hereto. |

5

| # | Caption (emphasis added) | Court | Case No. | Cause of Action | Disposition |
|---|---|---|---|---|---|
| 4 | Lee v. Albert I. Kaufman; Jack P. Koszdin; State Compensation Insurance Fund; Workers' Compensation Appeals Board of the State of California | U.S.D.C. Central Dist. Of CA | 99-04996 LGB | 1 - Violation of ADA 2 - Intentional Infliction of Emotional Distress 3 - Civil Conspiracy 4 - Breach of the covenant of good faith and fair dealing. | Dismissed: For all causes of action, failure to state facts sufficient to state a cause of action See Exhibit "5" attached hereto. |
|  | Lee (Plaintiff-Appellant) v. Albert I. Kaufman; Jack P. Koszdin; State Compensation Insurance Fund (Defendant-Appellees, Workers Compensation Appeals Board of the State of California (Defendant) | U.S. Court of Appeals for the Ninth District(t his was an appeal of 99-04996 LGB (RZx) | 00-55436 |  | Affirmed |
| 6 | Lee v. State Compensation Insurance Fund | U.S.D.C. Northern District of CA | C-98-3901 | Caption read: "Application for enforcement of awards" | Sua Sponte order of dismissal for lack of subject-matter jurisdiction, pre-filing injunction entered See Exhibit "1" attached hereto. |

| # | Caption (emphasis added) | Court | Case No. | Cause of Action | Disposition |
|---|---|---|---|---|---|
| 7 | Lee v. John J. Hunter, individually and as judge; State Compensation Insurance Fund; Workers' Compensation Appeals Board of the State of California | U.S.D.C. Northern District of CA | C-98-3764-MPH | Caption read " Complaint for Declaratory Relief and Monetary Relief; Civil Conspiracy; Relief; Bad Faith Denial of Claims; Enforcement of Award; Violation of Civil Rights; RICO Violation; Damages" | Sua Sponte order of dismissal |
| 8 | Lee v. State Compensation Insurance Fund | U.S.D.C. Northern District of CA | C-98-4019 | Caption read: "Request for issuance of orders compelling insurance carrier to pay workers' compensation award" | The case was terminated and related to C-98-3764 and C-98-3901, pre-filing injunction entered See **Exhibit "1"** attached hereto. |
| 9 | Lee v. Workers' Compensation Appeals Board and State Compensation Insurance Fund | U.S.D.C. Northern District of CA | C99-3939 | 1 – Conspiracy to deprive civil rights 2 – Intentional Infliction of Emotional Distress | Dismissed, pre-filing injunction entered. See **Exhibit "1"** attached hereto. |
| 10 | Lee v. Workers' Compensation Appeals Board and State Compensation Insurance Fund | U.S.D.C. Northern District of CA | C99-4043 | Failure to pay monies | Dismissed, pre-filing injunction entered. See **Exhibit "1"** attached hereto. |

## 2.    The First Georgia Action

After the entry of the pre-filing injunction against Mr. Lee in California, Mr. Lee moved

to Georgia, although he may have lived in Texas for a brief period of time in-between.  On

September 15, 2000, Mr. Lee filed a complaint against State Fund in the District Court for the

Northern District of Georgia, docketed as 3:00-CV-107-JTC.  A copy of that complaint is

attached hereto as **Exhibit "6"** (including complaint and amended complaint) and a copy of the docket is attached hereto as **Exhibit "7"**. State Fund moved to dismiss the First Georgia Action on account of lack of personal jurisdiction and failure to state a claim, among other reasons. The District Court dismissed the First Georgia Action for failure to state a claim. A copy of the order is attached hereto as **Exhibit "8"**.

After the First Georgia Action was dismissed, and as reflected on the copy of the docket attached hereto as **Exhibit "7"**, Mr. Lee sought leave to file an appeal out of time (Dkt. 15), filed a motion for reconsideration of the dismissal order (Dkt. 16), appealed the denial of reconsideration to the United States Court of Appeals for the 11th Circuit (Dkt. 18) (see below), filed a motion for imposition of costs and attorneys fees (Mr. Lee was pro se) against State Fund (Dkt. 20), filed a motion to set aside or vacate the dismissal order (Dkt. 24), filed a motion for relief from void judgment (Dkt. 26), filed a motion seeking entry of default against State Fund (Dkt. 27), filed a motion to amend complaints (Dkt. 28), filed a motion to extend discovery time (Dkt. 29), filed a supplemental motion to set aside or vacate the dismissal order (Dkt. 30), filed a voluntary dismissal (Dkt. 31), and filed a motion to set aside judgment (Dkt. 32), none of which were granted. As recently as April 5, 2005, Mr. Lee filed a Motion to Set Aside Void Judgment, a copy of which is attached hereto as **Exhibit "9"**.

### 3.    The First Georgia Appeal

As stated above, Mr. Lee appealed the denial of reconsideration of the dismissal of the First Georgia Action, docketed as Appeal No. 01-16197. The 11th Circuit affirmed the denial of the reconsideration motion. A copy of the order is attached hereto as **Exhibit "10"** and a copy of the appeal docket is attached hereto as **Exhibit "11"**.

3

####    4.    The Second Georgia Action

While the First Georgia Action was pending, Mr. Lee filed the Second Georgia Action, docketed as 3:01-CV-133-JTC. A copy of the complaint is attached hereto as **Exhibit "12"** and a copy of the docket is attached hereto as **Exhibit "13"**. State Fund moved to dismiss the Second Georgia Action on account of lack of personal jurisdiction and failure to state a claim, among other reasons. The Second Georgia Action was dismissed for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "14"**.

In particular, the dismissal order recounted the Northern District of California's determination that Mr. Lee was a "vexatious litigant" with respect to matters that may be similar or identical to those in the Second Georgia Action. **Exhibit "14"** at page 1-2. While State Fund's motion to dismiss was pending, Mr. Lee filed a motion for summary judgment (Dkt. 7), a motion for default judgment (Dkt. 10), a motion for an award of damages against State Fund (Dkt. 14), and a voluntary dismissal (Dkt. 17). The District Court then granted State Fund's motion to dismiss for lack of personal jurisdiction, a copy of which is attached hereto as **Exhibit "14"**. Mr. Lee then appealed the dismissal order (Dkt. 20) (see below). After filing the notice of appeal and while the appeal was pending, Mr. Lee filed in the Second Georgia Action a motion to set aside the dismissal order (Dkt. 22), and a motion for reconsideration and a supplemental motion for reconsideration (Dkts. 26, 27), none of which were granted.

####    5.    The Second Georgia Appeal

As stated above, Mr. Lee appealed the dismissal of the Second Georgia Action to the 11th Circuit, docketed as Appeal No. 02-14613. The appeal was dismissed for Mr. Lee's lack of prosecution. A copy of the order is attached hereto as **Exhibit "15"** and a copy of the appeal

C.A. 05-cv-1486
Exhibit B

docket is attached hereto as **Exhibit "16"**. Mr. Lee then filed a motion to reinstate the appeal which was denied.

### 6.     The Third Georgia Action

On March 26, 2002, while the First and Second Georgia Actions were pending, Mr. Lee filed the Third Georgia Action, docketed as 3:02-CV-00032-JTC (the "Third Georgia Action"). In addition to State Fund, certain individuals were named as defendants. Mr. Lee voluntarily dismissed this case. A copy of complaint is attached hereto as **Exhibit "17"** and a copy of the docket is attached hereto as **Exhibit "18"**.

### 7.     Other Unrelated Georgia Actions

State Fund is aware of two other actions commenced by Mr. Lee in the United States District Court for the Northern District of Georgia. The first one was filed on March 28, 2001 against Commissioner John N. Pattie, Superior Court of Ventura County, State of California, and was docketed as 3:01-CV-00050-JTC. Mr. Lee sought to set aside or vacate a judgment of the Superior Court of Ventura County, CA and sought other relief, all of which was denied by the District Court. A copy of the docket is attached hereto as **Exhibit "19"**.

Mr. Lee commenced the second unrelated action on February 9, 2004, docketed as 3:04-CV-020-JTC. In this action, Mr. Lee alleged that "Defendants engaged in a conspiracy to deprive Mr. Lee of his civil rights under the Constitution by falsely arresting Mr. Lee, by covering up the arrest, and by failure to arrest a person who made a terrorist threat, in violation of 42 U.S.C.A. section 1983, 1985." Complaint at ¶ 1. A copy of complaint is attached hereto as **Exhibit "20"** and a copy of the docket is attached hereto as **Exhibit "21"**. The District Court dismissed the action for failure to prosecute.

C.A. 05-cv-1486
Exhibit B

### 8.    The First DC District Court Action

Mr. Lee then moved to the District of Columbia and continued to file complaints against State Fund. Mr. Lee filed the First DC District Court action on December 9, 2002. A copy of the complaint, docketed as No. 02-CV-02411 (EGS), is attached hereto as **Exhibit "22"** and a copy of the docket is attached hereto as **Exhibit "23"**. State Fund moved to dismiss the First DC District Court Action on account of lack of personal jurisdiction and failure to state a claim, among other reasons. The First DC District Court Action was dismissed for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "24"**.

While State Fund's motion to dismiss was pending, Mr. Lee filed an amended complaint (Dkt. 6), a motion to make the record speak the truth (Dkt. 15), a motion for sanctions against State Fund (Dkt. 20), and a motion for order to compel restitution of money had and received (Dkt. 26), none of which were granted. The District Court then dismissed the action for lack of personal jurisdiction. Thereafter, Mr. Lee filed a motion for reconsideration (Dkt. 30), an appeal of the dismissal order (Dkt. 31) (see below), a motion to vacate void judgment (Dkt. 33), a supplemental memorandum for his motion for reconsideration (Dkt. 34), and another notice of appeal (Dkt. 37) (see below), none of which motions were granted.

### 9.    The Second DC District Court Action

While the First DC District Court Action was pending, Mr. Lee filed the Second DC District Court action on February 7, 2003. A copy of the complaint, docketed as No. 03-CV-00203 (EGS), is attached hereto as **Exhibit "25"** and a copy of the docket is attached hereto as **Exhibit "26"**. State Fund moved to dismiss the Second DC District Court Action on account of lack of personal jurisdiction and failure to state a claim. The Second DC District Court Action was dismissed for lack of personal jurisdiction. The Second DC District Court Action was

consolidated with the First DC District Court Action, making the dismissal order in the First DC District Court Action applicable to the Second DC District Court Action.

While State Fund's motion to dismiss was pending, Mr. Lee filed a motion for sanctions against State Fund (Dkt. 9), a motion for summary judgment (Dkt. 10), another motion for sanctions against State Fund (Dkt. 16), and another motion for summary judgment (Dkt. 17).

### 10. The First DC District Court Appeal

Mr. Lee appealed the dismissal of the First and Second DC District Court Actions. The appeal was docketed with the United States Court of Appeals of the District of Columbia Circuit as Court of Appeals Docket No. 03-7138. The Court of Appeals affirmed the dismissal of the First and Second DC District Court Actions for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "28"**[1] and a copy of the appeal docket is attached hereto as **Exhibit "29"**. Mr. Lee filed a petition for rehearing en banc, which remains pending. During the appeal, Mr. Lee hired counsel. Counsel filed Mr. Lee's reply brief, but thereafter Mr. Lee withdrew counsel's brief and filed his own pro se reply brief. As explained below, Mr. Lee's counsel subsequently withdrew from representing him because, according to Mr. Lee's counsel, Mr. Lee's "claims had no merit" against State Fund.

During the appeal, Mr. Lee filed a petition for writ of mandamus (Dkt. 2/19/04) which was denied (Dkt. 5/14/04), and a motion seeking recusal of The Honorable Judge Sullivan, USDCJ (Dkt. 3/4/04), which was denied (Dkt. 5/14/04).

### 11. The Third DC District Court Action

While the First and Second DC District Court Actions were still pending, Mr. Lee filed the Third DC District Court action on August 25, 2003. A copy of the complaint, docketed as

---

[1] **Exhibit "27"** intentionally blank.

7

No. 03-CV-01785 (EGS), is attached hereto as **Exhibit "30"** and a copy of the docket is attached hereto as **Exhibit "31"**. The District Court <u>sua</u> <u>sponte</u> dismissed the Third DC District Court Action for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "32"**.

### 12.     The Fourth DC District Court Action

Mr. Lee filed the Fourth DC District Court action on September 29, 2003. A copy of the complaint, docketed as No. 03-CV-02015 (EGS), is attached hereto as **Exhibit "33"** and a copy of the docket is attached hereto as **Exhibit "34"**. The District Court also <u>sua</u> <u>sponte</u> dismissed the Fourth DC District Court Action for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "35"**.

In the Fourth DC District Court Action, Mr. Lee also named as defendants The Honorable Jack T. Camp, the United States District Court Judge that ruled on Mr. Lee's complaint in Georgia, and Luther D. Thomas, the Clerk of the United States District Court for the Northern District of Georgia, alleging a conspiracy and intentional infliction of emotional distress, among other things.

### 13.     The Fifth DC District Court Action

Mr. Lee filed the Fifth DC District Court action on January 2, 2004. A copy of the complaint, docketed as No. 04-CV-00001 (EGS), is attached hereto as **Exhibit "36"** and a copy of the docket is attached hereto as **Exhibit "37"**. State Fund moved to dismiss the Fifth DC District Court Action on account of lack of personal jurisdiction and failure to state a claim. The District Court dismissed the Fifth DC District Court Action for lack of personal jurisdiction. A copy of the order is attached hereto as **Exhibit "38"**. Mr. Lee filed two motions for reconsideration, both of which were denied (Dkts. 7, 8).

C.A. 05-cv-1486
Exhibit B

### 14.    The Sixth DC District Court Action

Mr. Lee filed on April 4, 2005, the Sixth DC District Court Action. A copy of the complaint, docketed as No. 05-CV-00670 (GK), is attached hereto as **Exhibit "39"** and a copy of the docket is attached hereto as **Exhibit "40"**.

In this complaint, Mr. Lee also named as a defendant The Honorable Michael L. Rankin, the Superior Court Judge for the District of Columbia that ruled on certain of Mr. Lee's actions filed in the DC Superior Court (see below). Mr. Lee alleged a conspiracy and intentional infliction of emotional distress.

### 15.    The First DC Superior Court Action

Mr. Lee also filed complaints in the Superior Court for the District of Columbia. On January 20, 2004, Mr. Lee filed the First DC Superior Court Action, docketed as Civil Action No. 04-ca-000414 (Rankin). A copy of the complaint is attached hereto as **Exhibit "41"** and a copy of the docket is attached hereto as **Exhibit "42"**. State Fund moved to dismiss the First DC Superior Court Action on account of lack of personal jurisdiction and failure to state a claim. The Superior Court dismissed the First DC Superior Court Action for lack of personal jurisdiction and failure to state a claim. A copy of the order is attached hereto as **Exhibit "43"**. Mr. Lee then filed a motion for summary judgment (Dkt. 3/31/04), a motion for partial summary judgment (Dkt. 4/7/04) and a motion for reconsideration (4/7/04), none of which were granted, and a copy of the order denying the motion for reconsideration is attached hereto as **Exhibit "44"** (Dkt. 5/25/04). Mr. Lee then filed a notice of appeal (Dkt. 6/21/04) (see below).

### 16.    The First DC Superior Court Appeal

Mr. Lee appealed the dismissal of the First DC Superior Court Action. The appeal was docketed with the District of Columbia Court of Appeals as Docket No. 04-cv-000778. A copy

of the appeal docket is attached hereto as **Exhibit "45"**. Mr. Lee filed a petition for initial hearing en banc which was denied, a copy of which denial is attached hereto as **Exhibit "46"**. The appeal remains pending.

### 17.    The Second DC Superior Court Action

On May 13, 2004, Mr. Lee commenced the Second DC Superior Court Action, docketed as Civil Action No. 04-ca-3859 (Canan). A copy of the complaint is attached hereto as **Exhibit "48"**[2] and a copy of the docket is attached hereto as **Exhibit "49"**. State Fund moved to dismiss the Second DC Superior Court Action on account of lack of personal jurisdiction and failure to state a claim. The Superior Court dismissed the Second DC Superior Court Action. A copy of the order is attached hereto as **Exhibit "50"**. Mr. Lee has recently filed a nonsensical and meritless motion for Rule 11 sanctions against State Fund, a copy of which is attached hereto as **Exhibit "51"**.

At some point during the First DC District Court Appeal, Mr. Lee retained counsel, Ms. Clarissa Thomas Edwards of the Law Office of C. Thomas, Chartered. Ms. Edwards provided some services for Mr. Lee in the Second DC Superior Court Action, although it is unclear exactly what services she performed for Mr. Lee as her name did not appear on any pleadings, except for two. These two pleadings were both pleadings in which Ms. Thomas indicated that she would not be filing pleadings on Mr. Lee's behalf.

In the first pleading titled "Plaintiff's Counsel Response To Plaintiff's Request For Order Extending Time to Serve Defendant" filed on or about December 9, 2004, Ms. Edwards stated that when she was retained,

> the matter was allegedly dismissed because [Mr. Lee] had failed to property serve the complaint within 60 days. In addition, [Mr.

---

[2] **Exhibit "47"** intentionally blank.

C.A. 05-cv-1486
Exhibit B

> Lee] has 5 cases against State Compensation Insurance Fund, including the instant matter.... All of the other cases were dismissed at the lower level for lack of personal jurisdiction; all of them involve the same parties, and the same issue. .... After completing the research on the 5 instant matters, and 4 other cases which counsel represented [Mr. Lee] in, [Ms. Edwards] advised [Mr. Lee] that **his claims had no merit** and refunded said money. ...."

See **Exhibit "52"** attached hereto (emphasis added).

In the second pleadings titled "Praecipe" and filed on or about February 22, 2005, Ms. Edwards stated the following:

> The clerk of the court will note that Clarissa Thomas Edwards, counsel for plaintiff will not be filing an opposition to the defendant's Motion to Dismiss. In light of the fact that counsel reviewed the instant complaint and the complaint in Russell Lee v. State Compensation Ca9099-04, which was filed on November 29, [20]04 .... The complaints are identical. In addition, the instant complaint is identical to the complaint in Russell Lee v State Compensation Ca00414-04, which was dismissed and is currently on appeal.

See **Exhibit "53"** attached hereto (emphasis added).

### 18.    The Third DC Superior Court Action

On November 29, 2004, Mr. Lee commenced the Third DC Superior Court Action, docketed as Civil Action No. 04-ca-9099 (Rankin). A copy of the complaint is attached hereto as **Exhibit "54"** and a copy of the docket is attached hereto as **Exhibit "55"**. State Fund moved to dismiss the Third DC Superior Court Action on account of lack of personal jurisdiction and failure to state a claim. The Superior Court dismissed the Third DC Superior Court Action for lack of personal jurisdiction and failure to state a claim. A copy of the order is attached hereto as **Exhibit "56"**.

C.A. 05-cv-1486
Exhibit B

11

### 19.    The Fourth DC Superior Court Action

Mr. Lee filed on March 10, 2005, the Fourth DC Superior Court Action. A copy of the complaint, docketed as No. 05-cv-001819 (Campbell), is attached hereto as **Exhibit "57"** and a copy of the docket is attached hereto as **Exhibit "58"**.

In this complaint, Mr. Lee also named various individuals and alleged a conspiracy and intentional infliction of emotional distress.

### 20.    The Fifth DC Superior Court Action

Just one day after the filing of the Fourth DC Superior Court Action, Mr. Lee filed on March 11, 2005, the Fifth DC Superior Court Action. A copy of the complaint, docketed as No. 05-cv-001851 (Weisberg), is attached hereto as **Exhibit "59"** and a copy of the docket is attached hereto as **Exhibit "60"**.

Mr. Lee has a habit of failing to indicate that each of his cases against State Fund are related, so the cases are frequently assigned to different judges, as is the case in the various District of Columbia Superior Court Actions.

### ARGUMENT

A.    This Action Should Be Dismissed Because District of Columbia Courts Lack Personal Jurisdiction Over State Fund As District of Columbia Court Have So Ruled At Least Eight Times Prior

The Memorandum Opinion and Order of the United States District Court for the District of Columbia dated September 9, 2003 (**Exhibit "24"** hereto) and the Judgment of the United States Court of Appeals for the District of Columbia Circuit dated March 14, 2005 (**Exhibit "28"** hereto) provide a detailed analysis of why District of Columbia courts lack personal jurisdiction

C.A. 05-cv-1486
Exhibit B

over State Fund. Nevertheless, the following pages set forth State Fund's argument as to why District of Columbia courts lack personal jurisdiction over State Fund.

This Court lacks personal jurisdiction over State Fund.[3]

> Before a . . . court may exercise personal jurisdiction over a defendant, there must exist both a constitutionally sufficient relationship between the defendant and the forum, i.e. minimum contacts, and a basis for the defendant's amenability to service of summons. Omni Capital Int'l Ltd. v Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 (1987).

As will be shown, State Fund is not amenable to service with respect to an action brought in a District of Columbia court, nor does it have the requisite "minimum contacts" with the District of Columbia to extend personal jurisdiction to this Court. The only connection to the District of Columbia is Mr. Lee's recent relocation to the District of Columbia.

### 1. Service of Process

Though Mr. Lee has failed to properly serve State Fund, the analysis of whether State Fund is even amenable to service in this matter must begin with Fed. R. Civ. P. 4(h)(1). Per this rule, unless provided by applicable law, service upon an out-of-state corporate defendant shall be in accordance with Fed. R. Civ. P. 4(e)(1). This rule, in turn, states that service upon an out-of-state defendant may be effected pursuant to the law of the forum state.

Under the District of Columbia Code, there are two possible ways that this Court can have personal jurisdiction over an entity like State Fund: (1) the Court may have general personal jurisdiction because the defendant is domiciled in, organized under the laws of, or is

---

[3] No facts or circumstances have changed since the District of Columbia Courts dismissed each of the prior actions for lack of personal jurisdiction.

C.A. 05-cv-1486
Exhibit B

maintaining its principal place of business in the District of Columbia;[4] and (2) the Court may

have specific personal jurisdiction under the District of Columbia's long-arm statute because of

certain conduct by the defendant, like transacting business in the District of Columbia or causing

tortious injury in the District of Columbia.[5]

As discussed below, the Mr. Lee has not made a *prima facie* showing of either general or

specific jurisdiction over State Fund under the District of Columbia Code.  In fact, Mr. Lee has

---

[4] "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code Ann. § 13-422 (1995).

[5]    "(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--

    (1)    transacting any business in the District of Columbia;

    (2)    contracting to supply services in the District of Columbia;

    (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

    (5)    having an interest in, using, or possessing real property in the District of Columbia;

    (6)    contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

    (7)    marital or parent and child relationship in the District of Columbia if:

        (A)    the plaintiff resides in the District of Columbia at the time the suit is filed;

        (B)    such person is personally served with process; and

        (C)    in the case of a claim arising from a marital relationship;

            (i) the District of Columbia was the matrimonial domicile of the parties immediately prior to their separation, or

            (ii) the cause of action to pay spousal support arose under the laws of the District of Columbia or under an agreement executed by the parties in the District of Columbia; or

        (D)    in the case of a claim affecting the parent and child relationship;

            (i) the child was conceived in the District of Columbia and such person is the parent or alleged parent of the child;

            (ii) the child resides in the District of Columbia as a result of the acts, directives, or approval of such person; or

            (iii) such person has resided with the child in the District of Columbia.

        (E)    Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction.

    (b)    When Jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerating in this section may be asserted against him." D.C. Code Ann. § 13-423 (1995).

C.A. 05-cv-1486
Exhibit B

failed to state any relevant persuasive jurisdictional facts with respect to State Fund and the District of Columbia and has failed to properly serve State Fund.

**2.     The Court Does Not Have General Personal Jurisdiction Over State Fund Under District of Columbia Code § 13-422 or 13-334(a).**

Mr. Lee does not claim that State Fund is domiciled in, organized under the laws of, or maintains its principal place of business in the District of Columbia. In fact, Mr. Lee correctly states that State Fund is a California corporation with its principal place of business located in San Francisco, California. In addition, Mr. Lee has not alleged that the State Fund has a continuing presence in the District of Columbia. Therefore, this Court does not have general personal jurisdiction under District of Columbia Code Annotated Sections 13-422 and 13-334(a) (1995).

**3.     The Court Does Not Have Specific Personal Jurisdiction Over State Fund Under District of Columbia Code § 13-423 – The Long Arm Statute.**

Under the District of Columbia long-arm statute, a plaintiff has the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over the defendant. Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 424, 292 U.S. App. D.C. 240, 249 (D.C. Cir. 1991); Crane v. New York Zoological Soc'y, 894 F.2d 454, 456, 282 U.S. App. D.C. 295, 297 (D.C. Cir. 1990); Dooley v. United Techs. Corp., 786 F. Supp. 65, 70 (D.D.C. 1992). While the long-arm statute is interpreted broadly and factual disputes are resolved in favor of the plaintiff, the plaintiff must allege some specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of the District's laws. Edmond, 949 F.2d at 428, 292 U.S. App. D.C. at 253; First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378-79, 267 U.S. App. D.C. 27,

15

30-31 (D.C. Cir. 1988); Mitchell Energy Corp. v. Mary Helen Coal Co., 524 F. Supp. 558, 563

(D.D.C. 1981); Meyers v. Smith, 460 F. Supp. 621, 622 (D.D.C. 1978).

As more fully set forth in footnote 5 of this Memorandum, there are seven enumerated

grounds under which this Court may have specific jurisdiction under the District of Columbia

long-arm statute. In this matter, D.C. Code Section 13-423(a)(2) is not applicable because the

State Fund does not contract to supply services in the District of Columbia. D.C. Code Section

13-423(a)(5) is not applicable because the State Fund does not own real property in the District

of Columbia. Further, D.C. Code Section 13-423(a)(6) does not apply in that State Fund is not

an insurer nor does it act as a surety in the District of Columbia. Finally, D.C. Code Section 13-

423(a)(7) does not apply as this is not a family matter. Therefore, the only sections which can

apply are D.C. Code Sections 13-423(a)(1), (3), and (4).

(a)    Jurisdiction Under Section 13-423(a)(1) – Transacting Business

D.C. Code Section 13-423(a)(1) would authorize this Court to exercise jurisdiction over

State Fund if (a) Mr. Lee's claims arise from State Fund "transacting any business in the District

of Columbia," D.C. Code Ann. §13-423(a)(1) (1995). The "transacting business" provision of

the District of Columbia's long-arm statute permits the exercise of personal jurisdiction to the

full extent permitted by the Due Process Clause of the Constitution. First Chicago Int'l, 836 F.2d

at 1377, 267 U.S. App. D.C. at 29; Envt'l Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.,

355 A.2d 808, 810-811 (D.C. 1976) (en banc). The constitutional touchstone of the due process

determination is "whether the defendant purposefully established minimum contacts in the forum

state." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-09, (1987) (internal citations

and emphasis omitted).

C.A. 05-cv-1486
Exhibit B

The Supreme Court recognized in <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, (1985), that in today's commercial world, business is often transacted solely by mail and wire communications across state lines and that jurisdiction may sometimes exist even if a defendant "did not *physically* enter the forum state." <u>Id</u>. at 476. The U. S. Supreme Court explained that in such cases it is necessary to determine whether the commercial actor that is the subject of the lawsuit purposefully availed itself of the privilege of conducting business in the forum state and whether the defendant's conduct in connection with that state is such that it "should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

The minimum contacts analysis embodies the basic notion that the defendant's own action must be such as to put it on notice of the possibility of defending itself in the forum state. <u>Id</u>. at 298; <u>Chung v. NANA Dev.</u>, 783 F.2d 1124, 1127 (4th Cir. 1986), *cert. denied,* 479 U.S. 948, (1986); <u>Bueno v. La Compania Peruana de Radiodifusion, S.A.</u>, 375 A.2d 6 (D.C. 1977). The Constitution does not permit a defendant to be haled into court in a jurisdiction "solely as a result of 'random,' 'fortuitous,' or other 'attenuated' contacts.... or of the 'unilateral activity of another party or third person'...." <u>Burger King Corp.</u>, 471 U.S. at 475 (citations omitted).

To establish personal jurisdiction under the "transacting business" clause of the long-arm statute, D.C. Code § Section 13-423(a)(1), a plaintiff must demonstrate that (1) the defendant transacted business in the District of Columbia; (2) the claim arose from the business transacted in the District of Columbia (so-called specific jurisdiction); (3) the defendant had minimum contacts with the District of Columbia; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." <u>Dooley</u>, 786 F. Supp. at 71. In a case such as this one, the long-arm statute analysis is subsumed by the due process

17

analysis expressed in the third and fourth prongs. <u>Fisher v. Bander</u>, 519 A.2d 162, 163 (D.C. 1986).

State Fund did not transact business or have any enumerated contacts with the District of Columbia. Mr. Lee, having failed to succeed in other jurisdictions, has simply relocated to the District of Columbia and re-filed this action hoping to succeed. Mr. Lee's interaction with State Fund occurred as a result of an injury Mr. Lee suffered while working in California. Mr. Lee received a workers' compensation award on account of that injury. Pursuant to that award, State Fund, the workers' compensation insurer for Mr. Lee's employer, mails checks to Mr. Lee on account of that award. Mr. Lee subsequently moved from the State of California to Georgia and then to the District of Columbia, and possibly to other states in between. The fact that Mr. Lee now resides in the District of Columbia does not give the District of Columbia courts jurisdiction over State Fund in this action.

Though State Fund has mailed checks from California to Mr. Lee in the District of Columbia, this does not rise to the level of minimum contacts sufficient to confer personal jurisdiction, which is consistent with the District Court's prior ruling on the very same issue. <u>See</u> District of Columbia District Court Order at **Exhibit "24"**, pp. 9-10, affirmed on appeal; see also <u>James Whiten Livestock v. Western Iowa Farms, Co. et al.</u>, 750 F.Supp. 529, 535 (1990), 948 F.2d 731 (11th Cir. 1991) ("[M]ailing checks and making telephone calls into Georgia have not been considered persistent contacts.") (citations omitted); and <u>GECC v. Scott's Furniture Warehouse</u>, 699 F.Supp. 907, 913 (N.D. Ga. 1988) (defendant's mailing of payment checks and telephone calls into Georgia did not constitute even minimum contacts).

C.A. 05-cv-1486
Exhibit B

(b)     Jurisdiction Under Section 13-423(a)(3) – Tort in the District

To invoke Section 13-423(a)(3) of the long-arm statute, Mr. Lee must show that the State Fund caused tortious injury in the District of Columbia by an act or omission in the District of Columbia. As set forth above, the alleged injury occurred in the State of California. Therefore, D.C. Code Ann. § 13-423(a)(3) can not serve as grounds for jurisdiction.

(c)     Jurisdiction Under § 13-423(a)(4) – Tort Outside the District

In order to invoke Section 13-423(a)(4) of the D.C. long-arm statute, a plaintiff must show that "an act or omission outside the District of Columbia" caused a tortious injury in the District of Columbia. D.C. Code Ann. § 13-423(a)(4) (1995).

In order to establish personal jurisdiction under this provision, a plaintiff must make a *prima facie* showing that (1) plaintiff suffered a tortious injury in the District of Columbia; (2) the injury was caused by the defendant's act or omission outside of the District of Columbia; and (3) defendant had one of three enumerated contacts with the District of Columbia. Trager v. Berrie, 593 F. Supp. 223, 225 (D.D.C. 1984); Akbar v. N.Y. Magazine Co., 490 F. Supp. 60, 63 (D.D.C. 1980). The three enumerated statutory contacts are: (1) regularly does or solicits business in the District of Columbia, *or* (2) derives substantial revenue from goods used or consumed or services rendered in the District, *or* (3) engages in any other persistent course of conduct here. See D.C. Code Ann. § 13-423(a)(4). As set forth above, State Fund does no business in the District of Columbia, derives no revenue from the District of Columbia and engages in no course of conduct in the District of Columbia. Therefore, D.C. Code Ann. § 13-423(d)(4) can not serve as grounds for jurisdiction.

C.A. 05-cv-1486
Exhibit B

As this Court does not have general jurisdiction over the State Fund and the District of Columbia's long-arm statute is inapplicable to State Fund, this Court is without jurisdiction and the Complaint against the State Fund should be dismissed with prejudice.

> B.     <u>Alternatively, the Court Should Dismiss the Complaint For Insufficiency of Service of Process.</u>

Mr. Lee has failed to properly serve State Fund. As such, the Court should dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(5).

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation. . . . shall be effected: 1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons, and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Mr. Lee is either attempting to serve State Fund by regular mail or by attempting to serve State Fund by way of its outside counsel, the law firm of Kilpatrick Stockton LLP. Outside counsel is not an officer, managing or general agent, or agent by appointment or law. Thus, Kilpatrick Stockton LLP is not amenable to receive service of process. Service upon State Fund by regular mail is also improper service upon State Fund. For these reasons, the Court should dismiss Mr. Lee's complaint.

> C.     <u>Alternatively, The Complaint Fails to State A Claim Upon Which Relief Can Be Granted.</u>

The Complaint fails to state a claim upon which relief can be granted because the complaint, for among other reasons, contains allegations which are not intelligible.

C.A. 05-cv-1486
Exhibit B

D.   The Court Should Restrain Mr. Lee From Filing Other Pleadings In This Action and From Filing Further Actions Against State Fund

Over the years, District of Columbia courts, as well as other courts, have struggled to achieve an appropriate balance between affording prospective plaintiff's access to the courts and in protecting potential defendants from the harassment and costs required to respond to frivolous actions and in preserving limited judicial resources.  In arriving at an acceptable balance, restraints against serial frivolous litigators have been upheld by appellate courts provided that the ban is not absolute in that the plaintiff may petition the court for special leave to file any new actions or pleadings.  See Stich v. United States, 773 F. Supp. 469, 470-71 (D.D.C. 1991) (pro se plaintiff who had filed 15 prior actions and 8 appeals required to seek leave of court before filing any new civil actions); Martin-Trigona v. United States, 779 F.2d 72, 73 (D.C.Cir. 1985) (affirming dismissal of suit filed by serial litigator seeking to avoid the litigation injunction of a District Court in another circuit); and Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (pro se litigator  enjoined from filing any civil action in any federal court without first obtaining leave of that court).

Courts in other Circuits have similarly ruled that where appropriate, pre-filing restraints should be put in place.  See Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-20 (4th Cir. 2004) (collecting cases; 4 part test; overly broad filing injunction vacated); Schramek v. Jones, 161 F.R.D. 119, 122 (M.D.Fla. 1995) (benefit of counsel or prior leave of court required to bring further actions where plaintiff who alleged that defendant tortiously interfered with alleged contract between President and citizens of United States had filed at least 15 other lawsuits); and Colorado ex rel. Colorado Judicial Dep't v. Fleming, 726 F. Supp. 1216, 1221 (D. Coo. 1989) (pro se litigant enjoined from filing any further actions without obtaining leave of the court).

21

State Fund satisfies the 4-part test enumerated by the Fourth Circuit in Cromer v. Kraft Foods.

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. (Citations omitted).

Cromer, 390 F.3d at 818.

Prong 1 - The facts of this case clearly evidence that Mr. Lee has a history of filing vexatious, harassing and duplicative lawsuits against State Fund.

Prong 2 - Given Mr. Lee's litigation history with State Fund and other defendants, Mr. Lee's motives are not based upon good faith. Rather, Mr. Lee is intent upon harassing State Fund and other defendants. District of Columbia courts have ruled on at least 8 prior occasions that District of Columbia courts lack personal jurisdiction over State Fund, which ruling was upheld by the United States Court of Appeals for the District of Columbia Circuit. The filing of additional actions against State Fund in District of Columbia courts is in bad faith.

Prong 3 - Mr. Lee's frivolous litigation wastes State Fund's time and resources, wastes this Court's and other court's time and resources, and wastes other defendants' time and resources. It has come to a point where any additional filings by Mr. Lee against State Fun should be restrained.

Prong 4 – Alternative sanctions are inadequate. Mr. Lee has already had the benefit of counsel, Ms. Edwards. She has advised him that his claims lack merit against State Fund, that the prior actions were dismissed for lack of personal jurisdiction, that all of the actions involve the same parties and the same issues. Mr. Lee has ignored that advice. Mr. Lee also ignores the

many prior orders from District of Columbia courts that personal jurisdiction is lacking in District of Columbia courts.

Because Mr. Lee has demonstrated beyond any doubt that he will not resist filing frivolous action after frivolous action, State Funds urges the Court to restrain Mr. Lee from filing, and correspondingly ordering the Clerk not to accept for filing, any other or further actions or pleadings by Mr. Lee against State Fund unless Mr. Lee has first sought and obtained from the Court special leave to permit such filings.

Specifically, State Fund requests that the following restraints, which have been instituted in the reported cases cited above, be instituted in this case:

> Mr. Lee is hereby restrained from filing any further or other pleadings or actions against State Fund, its employees and representatives, including its attorneys, in or before any federal court, agency, tribunal, committee, or other federal forum of the United States, absent seeking and obtaining prior permissions to do so from that federal court, agency, tribunal, committee, or other federal forum of the United States. Any further or other pleadings or actions filed by Mr. Lee against State Fund shall be deemed null and void, absent Mr. Lee first obtaining prior permission from such federal court, agency, tribunal, committee, or other federal forum of the United States to file such pleading or action and Mr. Lee attaching to such pleading or action an order from such federal court, agency, tribunal, committee, or other federal forum of the United States authorizing the filing of such pleading or action.

C.A. 05-cv-1486
Exhibit B

In order to obtain prior permission from any such federal court, agency, tribunal, committee, or other federal forum of the United States to file such pleading or action, Mr. Lee shall petition the federal court, agency, tribunal, committee, or other federal forum of the United States. Such petition shall include (1) a copy of the pleading or action Mr. Lee seeks to file, (2) a list of all cases, federal, state or otherwise, previously filed by Mr. Lee against State Fund, (3) attach a copy of the complaint for each such case, (4) attach a certified record of the disposition of each case, (5) attach a certification by Mr. Lee that such pleading or action raises new matters not pending before or decided on the merits by any other court or if the pleading or action raises issues that have been adjudicated or are otherwise pending, Mr. Lee shall explain to such federal court, agency, tribunal, committee, or other federal forum of the United States why he intends to file another duplicative action.

## CONCLUSION

For all the foregoing reasons, the complaint should be dismissed, and the Court should establish pre-filing restraints upon Mr. Lee with regard to State Fund, and the Court shall grant such other and further relief as is just and proper.

C.A. 05-cv-1486
Exhibit B

This 22nd day of April, 2005.

Respectfully submitted,


_____ /s/ Anitra D. Goodman _____
Anitra D. Goodman
DC Bar No.:  484434
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
(202) 508-5800

Attorneys for Defendant State
Compensation Insurance Fund

OF COUNSEL:

Paul M. Rosenblatt
Georgia Bar No. 614522
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
Tel: (404) 815-6500

C.A. 05-cv-1486
Exhibit B